Aguiar, J.
This appeal raises the issue of whether as a matter of law the plaintiff created a valid mechanic’s lien against the defendants’ (Mary L. Roy and John Roy) property. We find that the plaintiff did create such a lien and that the trial court’s entry of judgment for the Roys under Count I of the complaint should be reversed.
The evidence showed that on or about May 9,1992, the Roys entered into a written contract with Martin Murphy whereby Murphy agreed to construct a complete addition, vestibule, and rear steps for the Roys at the locus in Cohasset, Massachusetts for agreed to consideration. The Roys’ contract with Murphy called for a final completion of the project by October 30, 1992. On or about June 23, 1992, M.G. Murphy and the plaintiff entered into a written contract (Tab 10) whereby plaintiff agreed to sell and deliver certain lumber and building materials to M.G. Murphy for agreed to consideration (subcontract). The lumber and building materials that plaintiff agreed to sell and deliver to M.G. Murphy were used for the construction work subsequently performed by M.G. Murphy and/or its agents at the locus. The completion date stated in the subcontract was August 23,1992.
In accordance with the subcontract, plaintiff sold and delivered all the lumber and building materials requested or ordered by M.G. Murphy for use at the locus. There is no dispute that M.G. Murphy owed an outstanding balance to plaintiff for the subject lumber and building materials. The Roys’ stipulated to the principal balance that plaintiff averred was owed (see Trial Transcripts Page 10). The Roys made no payments to plaintiff for any lumber and building materials used at the locus. On August 3,1992, plaintiff recorded a notice of contract with the Norfolk County Registry of Deeds to create a mechanic’s lien against the locus to secure the debt owed for the lumber and building materials it supplied or intended to supply for use at the locus. All the lumber and building materials that plaintiff sold and delivered to M.G. Murphy under its contract were used in the work performed at the locus. On September 18,1992, plaintiff recorded a sworn statement of lien with the Norfolk Registry of Deeds. On November 12,1992, plaintiff filed the complaint in this action with the Quincy District Court. Plaintiff recorded its complaint with the Norfolk County Registry of Deeds on November 13,1992.
The operative statute in this appeal is G.L.c. 254, §4 (subcontractor’s mechanic’s lien). A mechanic’s lien is a lien on real estate to secure payment for any labor performed or material supplied for the erection, construction, improvement or alteration of a structure upon such real estate. PARK, MASS. PRACTICE SERIES, Vol. 28 §596, page 231. The primary purpose of the lien is to provide security to con *36 tractors, subcontractors, laborers and suppliers for the value of their services and goods provided for improving the owner’s real estate. Hammill-McCormack Assoc. Inc. v. New England Telephone and Telegraph Co., 399 Mass. 541, 505 N.E. 2d 883 (Mass. 1987), at 884. The terms of the statute must be strictly complied with to create, perfect and enforce the lien. Mullen Lumber Co. v. Lore, 404 Mass. 750, 733 (1989).
The requirements and tíme frames for compliance with said statute are as follows:
1. A notice of contract must be recorded by the subcontractor with the Registry of Deeds for the County in which the subject property lies before the completion date stated in the subcontractor’s contract. The subcontractor’s lien must be in writing and a subcontractor must provide actual notice to the landowner upon the recording of the notice of contract. In the present action, there is no dispute that plaintiff recorded its notice of contract (August 3,1992) prior to the stated completion date (August 23,1992). Also, there is no dispute that the Roys received actual notice of the recording of the notice of contract (August 10,1992) (see Trial Transcript Page 99) prior to the stated completion date (August 23,1992).
2. To perfect a mechanic’s lien, a subcontractor must record a sworn statement in the Registry of Deeds for the County in which the subject property lies within thirty (30) days after the completion date stated in the notice of contract (G.L.c. 254, §8). In the present action, it is undisputed that plaintiff recorded its sworn statement of claim (September 18,1992) within thirty (30) days of the completion date stated in its notice of contract (August 23,1992).
3. To enforce a mechanic’s lien, a subcontractor must file a civil action in either the Superior Court in the County in which the subject property lies or in the District Court (November 12,1992) for the judicial district in which the subject property lies with sixty (60) days of the recording (September 18,1992) of the sworn statement of claim (G.L.c. 254, §5 and 11). Thereafter, the aforesaid statute requires the subcontractor to record an attested copy of the complaint or civil action in the Registry of Deeds for the county in which the property lies within a reasonable time after the filing of the civil action. Plaintiff recorded its complaint with the Norfolk County Registry of Deeds on November 13,1992.
The uncontroverted evidence introduced at trial proves by a preponderance of the evidence that plaintiff complied strictly with the requirements imposed by the Massachusetts mechanic’s lien statutes.
Defendants contend that the alleged contract (Tab 10) was merely a credit application and not a contract. We disagree. It is in writing. All the parties, the materials, and the price for the materials are all clearly set forth. The offer by the plaintiff was accepted by Martin G. Murphy, the buyer, and the completion date was established as August 23,1992. There was valid consideration.
Defendants further contend that the date the materials were delivered by plaintiff (July 15,1992) should be the completion date for purposes of the statute rather than August 23,1992 as stated in the contract. We disagree. Plaintiff’s mechanic’s lien is not invalid because it recorded its notice of contract after it completed all deliveries of materials as required by its subcontract but prior to the completion date stated in the subcontract. The court in the Hammill-McCormack case held, “We conclude that a subcontractor who files before the completion date stated in its contract has timely filed its notice of contract under G.L.C. 254, §4.” In the present action, it is undisputed that plaintiff recorded its notice of contract prior to the completion date in its contract with M.G. Murphy.
Defendant further contends that plaintiff’s mechanic’s lien is invalid as a matter of law because its sworn statement of lien included interest and attorney’s fees. Under its contract with M.G. Murphy, plaintiff was entitled to impose interest at the rate of eighteen percent (18%) per annum on any unpaid balance that was due more than thirty (30) days and to collect reasonable attorney’s fees if M.G. Mur *37 phy’s account was turned over to an attorney for collection. Interest was due and the account was turned over to an attorney for collection. A mechanic’s lien will not be deemed invalid under law because the amount owed that is stated in the sworn statement is not completely accurate unless it is proven that the claimant “willfully and knowingly claimed more than is due him.” Valentine Lumber Company & Supply Co. v. Thibeault, 336 Mass. 411, 413 (1957) supra, citing language from c. 254, §11. There was no evidence presented at trial that plaintiff knowingly and willfully claimed more than it was due. We find that plaintiffs mechanic’s lien was not invalidated merely because it included interest and attorney’s fees in its sworn statement of lien.
We find that the plaintiff did create a valid mechanic’s lien against the defendants’ (Mary L. Roy and John Roy) property. The Trial Court’s entry of judgment for the Roys under Count I of the complaint was in error and is hereby reversed.
This matter is returned to the Trial Court for the assessment of damages owed to plaintiff.