Welsh, J.
A supplier of building material seeks in these actions to establish a mechanic’s lien agreeable to G.L.c. 254, §4. Fort Realty was the general contractor and is now defunct. The defendants are who contracted with Fort to build homes for them. The third party defendant is a lending institution holding construction notes for construction loans for the premises. Fort plays no part in these appeals.
The motion judge determined that the supplier did not have a valid mechanic’s lien enforceable against the owners and, having so determined, ruled in favor of the bank. (Community Bank on the third party complaints.) The supplier appeals. We affirm.
1. No question is raised as to the appropriateness of summary judgment. Since the issue is whether or not the documents submitted by National constitute a written contract within the meaning of G.L.c. 254, §4 and since that issue is a question of law dispositive of the case, the cases were appropriate for summary judgment. See Savris v. Cooper, 40 Mass. App. Ct. 471, 475 (1996).
2. At common law there was generally no right of action in favor of a subcontractor supplying labor and materials against the owner of land wherein the improvements were wrought. The statute creating a mechanic’s lien in favor of such a subcontractor is in derogation of the common law, and as such, is strictly construed against one claiming a lien under its provision. Mullen Lumber Co. v. Lore, 404 Mass. 750 (1989). Compliance with the conditions of the statute regarding notice to the owner of land is essential. Failure to provide the information required by the statute and in the manner prescribed is usually fatal to a claim of lien. Notice to the landowner and other interested third parties must include pertinent information as to the terms of the written contract between the supplier and the builder including price, identity of the lien claimant, and the duration of the contract. This sort of information is of crucial importance to the owner and other interested third parties because it enables such persons to protect their interests by either withholding money from the builder or making provision for retainage of funds. See Warren Brothers Co. v. Peerless Ins. Co., 8 Mass. App. Ct. 719, 723 (1979).
The inquiry is twofold:' First, a determination must be made whether the statu *236 tory requirement of a written contract is satisfied. Second, an analysis of the content of the notice of contract and any extension thereof must evince that at least minimal pertinent information has either been furnished the owner or might be gleaned from available information on file in the Registry of Deeds.
3. Appellant contends that the documents furnished in connection with its summary judgment motion are sufficient when taken together to constitute a written contract for purposes of the mechanic’s lien statute. We believe this argument misses the mark. The purpose of the statute is to afford the owner of the real estate and other third parties with an interest in the project adequate notice of the terms of the contract, such as price and expected date of completion so that an informed choice of action might be taken to protect their interests. Such action might be retainage or withholding of amounts due the general contractor who may be in default as to payment of subcontractors and suppliers. While it may be conceded that a “requirements” type of contract will suffice for a written contract under the mechanic’s lien statute, see Mishara Construction Co., Inc. v. Transit-Mixed Concrete Corp., 365 Mass. 122, 125-126 (1974), specific information must appear as to price, description and quantity to permit an informed decision by the owner or other third parties.
4. We are aided in our duty to review the materials submitted by a careful and incisive analysis by the motion judge of the documents submitted for the motion for summary judgment. We concur with the judge that adequate notice of the sort of specifics to enable the owners to protect their interests was palpably lacking. Since invoices describing the materials delivered in terms of quantity and prices were not part of the notice given to the owners, there was no readily available source to which such owners or other interested parties might resort to glean such information. See Lampasona v. Capriotti, 296 Mass. 34, 37 (1936). Illustrative of the deficiencies are the following: There was nothing in the “sales agreement” that specified the maximum cost or expected cost either by way of a price stated or by description as to quantity and unit prices. The “quotation” which accompanied the sales agreement was also deficient as to information concerning price or quantity of materials to be supplied. The general statement “All lumber goods and materials per agreement between the parties in regard to the erection, alteration, repair or removal of a building or structure located at the above lot,” with no other particulars supplied does not suffice. There was language at the bottom of the quotation advising that “... to accept the offer the customer must sign, date and return the sales agreement.” While there was an illegible signature, it was not in the proper place designated for signing. The document contained no statement of price or statement of a formula to determine the price. Affidavits of employees of plaintiff described the “sales agreement” as a “mere formality.” A number of invoices were submitted as part of the plaintiff’s summary judgment motion. While the invoices refer to the lots in question, there was no evidence on the invoices of a signature or other indicia of acceptance by any agent of Fort Realty. The “credit application” discloses no information as to type, quantity or price of materials to be delivered. Although “take off’ lists were submitted showing what materials were designated for each job site, no reference was made in either the sales agreement or the quotation to these “take off lists. We agree with the motion judge that there was insufficient evidence of a nexus between these “take off’ lists and the sales agreement and that therefore there was not a sufficient showing of a written contract for purposes of the statute. Reference is made to National Lumber Company v. Suburban Builders Corp., et al., an unpublished memorandum and order agreeable to Rule 1:28 dealing with a similar factual pattern. See 45 Mass. App. Ct. 1109 (1998).
5. It follows that the judge’s order dismissing the third party complaints against Community Bank were correct. Since the liability was derivative in nature, judg *237 ment against National on the primary claim precludes any liability on the part of Community Bank.
The judgments of the trial court are affirmed and the appeals are dismissed.
So ordered.