# NATIONAL LUMBER COMPANY *vs.* LeFRANCOIS CONSTRUCTION CORPORATION & others.[1]

Worcester. October 5, 1999. - January 28, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, & IRELAND, JJ.

*Mechanic's Lien. Statute,* Construction. *Practice, Civil,* Amendment, Parties.

The mechanic's lien statute, G. L. c. 254, does not require that an owner acquiring title of the land in question after the recording of the notice of contract be named as a defendant in an action to enforce the lien within the statutory period set forth in G. L. c. 254, § 11; the timing of the naming of the record owner as a party appropriately is governed by the Massachusetts Rules of Civil Procedure. [665-670]

General Laws c. 254, § 11, is not a statute of repose. [670-672]

CIVIL ACTION commenced in the Westborough Division of the District Court Department on February 5, 1996.

The case was heard by *John S. McCann,* J., on a motion for judgment on the pleadings, and judgment by assent of the parties was entered by *Paul Waickowski,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Thomas I. Elkind (Michael R. Pontrelli & Andrew Keith Goldstein* with him) for Dean E. Schwartz & another.

*Louis J. Caccavaro, Jr. (Mark E. Barnett* with him) for the plaintiff.

The following submitted briefs for amici curiae:

*Robert V. Lizza, Paul M. James, & Edward R. Hickey* for Associated General Contractors of Massachusetts.

*Michael E. Malamut* for New England Legal Foundation.

*Alvin S. Nathanson,* pro se.

*J. Patrick Walsh* for Chicago Title Insurance Company.

*Richard Urban & Ward P. Graham* for Stewart Title Guaranty Company.

---

[1]Dean and Stephanie Schwartz.

*Gordon H. Piper & Diane C. Tillotson* for Massachusetts Conveyancers Association, Inc., & another.

*Marshall F. Newman* for Northeastern Retail Lumber Association & another.

MARSHALL, C.J. The defendants, Dean and Stephanie Schwartz (Schwartzes), appeal from a ruling of the Appellate Division of the District Court affirming an order of a judge in the District Court denying their motion for judgment on the pleadings. The Appellate Division held that National Lumber Company (National Lumber) had perfected and could enforce its mechanic's lien on the Schwartzes' property in accordance with G. L. c. 254, the mechanic's lien statute. We granted the Schwartzes' application for direct appellate review. We affirm.

I

The material facts are not in dispute. In January, 1995, Le-Francois Construction Company (LeFrancois) purchased a lot in Northborough (property) with the intention of developing it for resale as a residential property. On September 21, 1995, National Lumber and LeFrancois entered into a contract for National Lumber to supply lumber and materials to LeFrancois for the construction of a house on the property. On October 25, 1995, National Lumber recorded a notice of the contract in the registry of deeds for Worcester County (registry), identifying LeFrancois as the owner of the property.[2] See G. L. c. 254, § 4. The recorded notice specified that the contract was to be completed on or before December 1, 1995. Pursuant to G. L. c. 254, § 8, National Lumber had thirty days (until December 31, 1995) within which to file any statement of account without which its lien would dissolve.[3] On December 18, 1995, it met the statutory deadline by recording in the registry a sworn statement of claim that $26,103.98 had not been paid for labor and materials supplied by it to LeFrancois under the contract. It once again identified LeFrancois as the owner of the property.

---

[2]LeFrancois owned the property as trustee for Mark Peter Realty Trust. LeFrancois, acting in its own capacity and not as trustee, contracted with National Lumber for the labor and materials. The notice of contract was filed by National Lumber under G. L. c. 254, § 4 (contracts between subcontractor and contractor).

[3]Because the thirty-day statutory limit, December 31, 1995, fell on Sunday of a holiday weekend, National Lumber in fact had until January 2, 1996, to file its statement of account.

Four days earlier, on December 14, 1995, LeFrancois had conveyed the property to the Schwartzes.

On February 5, 1996, National Lumber commenced this action "in accordance with G. L. c. 254, § 5," to enforce its lien.[4] It named LeFrancois, as corporation and as trustee, as the defendant. It did not name the Schwartzes. On February 12, 1996, National Lumber recorded an attested copy of the complaint in the registry. See G. L. c. 254, § 5.[5] On August 5, 1996, six months after the complaint had been filed, service was made on LeFrancois. On August 28, 1996, before any responsive pleading had been filed, National Lumber filed an amended complaint, pursuant to Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), adding the Schwartzes as defendants, seeking to enforce its mechanic's lien against both LeFrancois and the Schwartzes.[6] The Schwartzes were served on September 9, 1996.

On December 3, 1996, after answering the amended complaint, the Schwartzes filed a motion for judgment on the pleadings asserting that, by operation of law, National Lumber's mechanic's lien had dissolved before they were added as parties. On March 2, 1997, a judge in the District Court denied their motion. On August 4, 1997, National Lumber and the Schwartzes filed an agreement for judgment in the District Court. The Schwartzes did so "solely" to permit the legal issues raised in their motion for judgment on the pleadings to be reviewed by an appellate court. Judgment entered on August 15, 1997. The Schwartzes then took an appeal in the Appellate Division, which affirmed the motion judge's ruling. This appeal followed.

## II

At issue in this case is the reliability of the recording system

---

[4]In 1996, the Legislature revised G. L. c. 254. See St. 1996, c. 364. The present case arose under and is governed by the provisions of c. 254 in effect before 1996.

[5]Prior to 1996, G. L. c. 254, § 5, provided no specific time limit within which to record the complaint. The statute now requires that a copy of the complaint be filed within thirty days of commencement of the action. St. 1996, c. 364, § 7.

[6]The amended complaint also alleged claims against LeFrancois for breach of contract and on account annexed. Those two counts are not at issue: LeFrancois never appeared in this action and on May 19, 1997, National Lumber voluntarily dismissed it. See Mass. R. Civ. P. 41 (a) (1) (i), 365 Mass. 803 (1974).

for providing notice of a mechanic's lien secured under G. L. c. 254 with respect to a particular piece of land. Specifically, we must decide whether the statute requires that an owner who acquires title after the recording of the notice of contract be named as a defendant in an action to enforce a mechanic's lien within the statutory period required by G. L. c. 254, § 11.[7] We hold that G. L. c. 254, the mechanic's lien statute, has no such requirement.

A mechanic's lien must be perfected and can be enforced only as provided by statute. See *East Coast Steel Erectors, Inc. v. Ciolfi*, 417 Mass. 602, 605 (1994) (lien is "solely a statutory creation" enforceable only "by strict compliance with the statutory specifications"). See also *Blount Bros.* v. *Lafayette Place Assocs.*, 399 Mass. 632 (1987) (invalidating mechanic's lien in which completion date in filed notice of contract was different from completion date in contract); *Baltimore Contrs., Inc.* v. *Dupree*, 352 Mass. 83, 86 (1967) (notice of contract stating "contract not yet completed due to Owner changes" insufficient to establish statutory lien).

The statutory section at issue, G. L. c. 254, § 11, requires that "a civil action to enforce [a mechanic's lien be] commenced within sixty days of the filing of the statement [of account]."[8] The Schwartzes contend that the mechanic's lien statute contemplates that an enforcement action must be commenced against the then-current owner of the property subject to the lien, and that unless "commenced within sixty days" against that owner the lien dissolves. G. L. c. 254, § 11. In effect they argue that the burden is on the lienholder to ascertain the identity of the record owner of the property at the time it commences an enforcement action under § 11. Because National Lumber failed to name the Schwartzes as defendants within sixty days after National Lumber filed its statement of account on December 18, 1995, they contend, the lien against their property dissolved.[9] National Lumber responds that, because it commenced an action within the sixty-day period

---

[7]At the time, G. L. c. 254, § 11, required that an action be commenced within sixty days of the recording of the statement of account. Amended in 1996, the statute now requires that the action to enforce a mechanic's lien be commenced within ninety days after the statement of account is recorded. St. 1996, c. 364, § 11.

[8]See note 7, *supra*.

[9]The Schwartzes also claim that National Lumber failed to serve LeFrancois within the time provided by Mass. R. Civ. P. 19, 365 Mass. 765 (1974),

against LeFrancois, the party named in the notice of contract and in the statement of account, and later amended its complaint to add the Schwartzes in a timely manner under the Massachusetts Rules of Civil Procedure, it complied fully with the statutory requirements.

General Laws c. 254 does not specify whether, in order to preserve a lien, a lienholder must name the owner of record as a defendant when it files a complaint to enforce its lien. Section 23 of the statute describes the circumstances in which a subsequent owner of the property may be sued. At the relevant time, § 23 provided in part: "If the person for whom the labor has been performed or furnished or the material has been furnished . . . conveys away his estate or interest before the commencement of a civil action to enforce a lien, it *may* be commenced and prosecuted against . . . the persons holding the estate or interest which he had in the land at the time when the labor or material was performed or furnished" (emphasis added). By its express terms, therefore, § 23 permits, but does not require, a lienholder to enforce a lien against any new owner of the property, if the property was conveyed prior to the commencement of an action pursuant to G. L. c. 254, § 11.

National Lumber argues that it would be inconsistent with the wording of the statute to require that a lienholder "must" name the record owner as a defendant at the time the § 11 action is commenced. The Schwartzes respond that the language is framed in permissive terms because the precursor to § 23, first enacted in 1836 (§ 27 of R.S. [1836], c. 117), was designed to address an uncertainty in the mechanic's lien statute adopted in 1819, namely whether a lienholder *could* bring an enforcement action against the original owner's successor in interest in any circumstances. The 1836 amendment to the original 1819 statute corrected that uncertainty, making clear that a change in title was no bar to enforcement of the lien against the new owner's interest in the property. Because the statute is not explicit as to any time limitation on when a successor in title must be joined — the statute is simply silent on the question — we consider that section in the context of the over-all objective the Legislature sought to accomplish. See *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 851 (1983).

and that, accordingly, the action expired, and the lien dissolved. Any later attempt to "amend" the complaint was therefore barred, they conclude. The Schwartzes did not raise below the issue of untimely service on LeFrancois, and we do not address it.

A primary purpose of G. L. c. 254 is "to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate." *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 542-543 (1987). Because a perfected lien is an encumbrance on the property, the statute is also designed to ensure that a person searching the land records in a registry of deeds can determine with certainty whether or not title to a particular parcel of land is encumbered by a mechanic's lien. See *Pratt & Forrest Co.* v. *Strand Realty Co.*, 233 Mass. 314, 317-318 (1919) ("One plain object of the present statute was to require the placing upon record in the registry of deeds of certain information, for the benefit of prospective purchasers of land and other interested persons, touching the incumbrances [*sic*] created or likely to be created by liens . . . . Accuracy in this respect may be thought to be essential for the protection of laborers and subcontractors as well as others who may have occasion to depend upon the record").

General Laws c. 254 sets out in careful detail the steps required to create, maintain, and enforce a mechanic's lien on real estate, from the recording of a notice of contract in the registry of deeds, G. L. c. 254, § 2 ("general contractor"); G. L. c. 254, § 4 ("sub-contractor"), to the commencement of a civil action to enforce the lien, G. L. c. 254, § 11,[10] and recording an attested copy of the complaint in the registry of deeds. G. L. c. 254, § 5.[11]

A new owner of the property, whose deed is recorded after the recording of the notice of contract, takes the property subject to the mechanic's lien. Cf. *Mister Donut of Am., Inc.* v. *Kemp*, 368 Mass. 220, 224 (1975). The encumbrance survives a change in ownership of the property even if all of the statutory steps required to perfect a lien have not been completed because the time for doing so has not expired.[12] Cf. *Mullen Lumber Co.* v. *Lore*, 404 Mass. 750 (1989) (statute establishes latest time at which lien could be enforced and does not preclude earlier

---

[10]See note 7, *supra.*

[11]See note 5, *supra.*

[12]If perfected, the priority of a mechanic's lien is determined as of the date of the recording of the notice of contract. See G. L. c. 254, § 7 (mortgagees are second priority to mechanic's lienholders if the lender has not registered and recorded its mortgage and actually committed funds before the notice of contract is recorded); G. L. c. 254, § 13 ("rights of an attaching creditor shall not prevail as against a lien . . . where notice or notices of contract have been

enforcement). If the lienholder complies with all of the statutory requirements, the lien prevails against all who hold title to the encumbered property after the notice of contract is recorded.

National Lumber recorded its notice of contract with LeFrancois, specifying a completion date of December 1, 1995. Pursuant to G. L. c. 254, § 8, National Lumber had until December 31, 1995, to file its statement of account. On December 14, 1995, the Schwartzes took title to the property. They therefore had constructive notice of the lien on their property.[13] The Schwartzes would nevertheless require that a lienholder conduct title searches throughout the duration of the lien-maintaining procedures,[14] imposing on a lienholder the burden of identifying any new owner prior to commencement of the enforcement action, or risk dissolution of the lien. We cannot conclude that, when the Legislature first amended the mechanic's lien statute to make possible an enforcement action against an owner who acquired title after the filing of the notice of contract, see § 27 of R.S. (1836), c. 117, it also intended either to shift to a lien claimant the burden of constantly updating a title search or risk a guillotine-like dissolution of its lien. No subsequent amendment to what is now § 23 evidences any such intention either.

We have already noted that one important purpose of the mechanic's lien statute was to provide an accurate system for recording and identifying encumbrances secured under the mechanic's lien statute. Naming the then-current owner of record at the time an enforcement action is commenced is not necessary to achieve this purpose. The statute provides an efficient mechanism of ensuring that an enforcement action may readily be identified through routine title searching procedures. The lien statute mandates that an attested copy of any complaint

filed or recorded in the registry of deeds . . . prior to the recording of the attachment").

[13]The Schwartzes concede that "a reasonably diligent title examiner" would have identified the notice of contract and would have informed them of the encumbrance on the property. They complain that they did not learn of the enforcement action until more than six months after it was filed. But the issue, surely, is whether prospective purchasers, such as the Schwartzes, have notice of a valid encumbrance *prior* to purchase, for enforcement of a mechanic's lien such as National Lumber's divests the title of the fee owner.

[14]As a matter of logic, this would also apply to the filing of a statement of account under § 8. Although § 8, unlike § 11, explicitly requires that the name of the owner on the notice of contract be the same as the name of the owner on the statement of account, were we to accept the Schwartzes' argument, the new owner should also be included on the statement of account.

brought under G. L. c. 254, § 11, be recorded, as was done here. G. L. c. 254, § 5. The statutory deadline for National Lumber to file its complaint in court was February 16, 1996. National Lumber in fact filed its complaint on February 5, 1996, and recorded it in the registry on February 12, 1996. A title search by any prospective purchaser conducted at any time after February 16, 1996, to determine whether National Lumber had sought to enforce its lien readily could have accomplished that objective, even though the Schwartzes were not named in the original complaint.

The statutory scheme also suggests that the record owner at the time the notice of contract is recorded may be a proper party in a subsequent enforcement action. The statute requires that the name of the property owner in the statement of account be the same as the name of the owner in the notice of contract, even if the property has been conveyed in the interim. G. L. c. 254, § 8. The reason is clear: "The statute . . . regard[s] it as important that the name of the [original] owner should be given in the [statement of account] . . . because, otherwise, subsequent purchasers who buy upon the faith of the registry title are liable to be misled." *William S. Howe Co.* v. *Theyson*, 263 Mass. 27, 29 (1928), quoting *McPhee* v. *Litchfield*, 145 Mass. 565, 566 (1888). If the name of the owner as it appears on the notice of contract (LeFrancois) is included in the enforcement action, whether or not a subsequent owner is included, subsequent purchasers, such as the Schwartzes, who rely on the registry title will not be misled.[15]

We recognize that an action to enforce a mechanic's lien challenges the title of the record owner of the property. Although we are not required to resolve the issue here, the record owner at the time the lien is enforced, such as the Schwartzes, may qualify as a "necessary party" under Mass. R. Civ. P. 19 (a), 365 Mass. 765 (1974). The timing of the naming of the record owner as a party appropriately would be governed by the rule of civil procedure; it is not mandated in G. L. c. 254.[16]

We deal briefly with National Lumber's argument that its

[15]It is "solidly established" for a title examiner to run the grantor (LeFrancois) index forward for at least three years. See J.A. Stein, Mechanics of Title Examination in Massachusetts, Appendix A, Crocker's Notes on Common Forms, § A7, at 850-851 (8th ed. 1995 & Supp. 1997).

[16]From 1915 to 1973, an action to enforce a mechanic's lien was commenced by filing a bill of equity in Superior Court. A principle of equity

amended complaint naming the Schwartzes as parties relates back to the commencement date of the complaint. See Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974). The Schwartzes claim that the relation back provision of rule 15 (c) does not apply to G. L. c. 254 because § 11 is a statute of repose, which bars any future action once the statutory deadline has passed. Because we conclude that G. L. c. 254 did not impose on National Lumber the obligation to add the Schwartzes within the statutory period mandated by G. L. c. 254, § 11, it follows that § 11 is not a statute of repose.

The Schwartzes point to jurisprudence in several other States to support their position that, even if not a statute of repose, National Lumber's complaint adding them as parties must be dismissed. See, e.g., *Mendenhall* v. *Douglas L. Cooper, Inc.*, 239 Va. 71, 75 (1990) (suit, time barred as to necessary party, must be dismissed because necessary party is not subject to trial court's jurisdiction). Massachusetts practice is more liberal than other jurisdictions in allowing amendments adding or substituting defendants after expiration of a period of limitations. See Reporters' Notes to Mass. R. Civ. P. 15, Mass. Ann. Laws, Rules of Civil Procedure at 426 (Lexis 1999), citing *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 88 (1967) ("In general, the law in this Commonwealth with respect to amendments is more liberal than elsewhere, and cases from other jurisdictions are not in point"). In Massachusetts, "where an action has been commenced before the statute of limitations has run, a plaintiff may be allowed to substitute one defendant for another after the

requires that any person who may be affected by determination be made a party to a proceeding prior to final judgment. See *Bayer & Mingolla Constr. Co.* v. *Streeter*, 318 Mass. 311, 312 (1945) (court of equity will not proceed to final determination unless all necessary parties are brought in and have their day in court so that rights of all can be adjudicated). Under equity practice, therefore, an action to enforce a mechanic's lien could not proceed to judgment without the participation of the then-current record owner. In 1973 the mechanic's lien statute was amended to no longer require an action in equity. St. 1973, c. 1114, § 318. The same year marked the adoption of the Massachusetts Rules of Civil Procedure, which included the procedure for the joinder of necessary persons. See Reporters' Notes to Mass. R. Civ. P. 19, Mass. Ann. Laws, Rules of Civil Procedure at 256 (Lexis 1999) ("Rules 19[a] and 19[b] are quite similar to prior equity practice. . . . Under that practice a court could of its own motion order a cause to stand over in order that an indispensable party might be joined"). Rule 19 may provide the necessary protection to a current owner that a mechanic's lien will not proceed without the participation of the current record owner.

statute of limitations has run against the proposed substitute defendant." *Wadsworth* v. *Boston Gas Co.*, *supra* at 88-89. The out-of-State cases on which the Schwartzes rely do not persuade us that National Lumber cannot maintain this action because it named them as defendants after the § 11 statutory period.

*Judgment affirmed.*