Rutberg, J.
In this case of first impression, we are asked to determine whether the sum secured by a valid mechanic’s lien includes contracted for attorneys’ fees[1] and interest earned on the secured sum during the pendency of the underlying litigation. In view of the long and arduous path of this litigation, the issue presented is of more than academic interest to the parties.
This matter began in 1995 when LeFrancois Construction Corp. [hereinafter “LeFrancois”] contracted with National Lumber Company [hereinafter “National Lumber”] for construction materials to be used by LeFrancois for construction of a residence to be built on property it controlled.[2] To secure its receivable, National Lumber recorded the appropriate notice to begin the process of obtaining a mechanic’s lien on the properly pursuant to G.L.c. 254, §4.[3] As required, the notice set forth a completion date — December 1, 1995; and within the statutory time National Lumber filed a further statement [hereinafter “§8 statement”] in the Registry of Deeds indicating that a balance of $26,103.98 remained unpaid. G.L.c. 254, §8. It was later discovered that LeFrancois had conveyed the property to Dean and Stephanie Schwartz [hereinafter “Schwartzes”] four days before the §8 statement *229 was recorded. After LeFrancois defaulted on its obligations to National Lumber, it tried to enforce its lien on the property; however, the Schwartzes contested claiming the mechanic’s lien was not enforceable against their recently purchased property. The Schwartzes’ claim led to earlier litigation that culminated in the Supreme Judicial Court, who determined that the lien was enforceable against the Schwartzes’ property. National Lumber Company v. LeFrancois Construction Corp., 430 Mass. 663 (2000).
Thereafter, the Schwartzes dissolved the lien by recording a bond pursuant to G.L.c. 254, §12. On April 6,2001, the Schwartzes obtained a bond issued by United Casualty and Surety Company [hereinafter “United”] in the penal sum equal to the amount claimed unpaid in the §8 statement. Two weeks later, National Lumber filed a second action in the district court to enforce this bond. As part of this second action, National Lumber moved the district court to either strike the bond as insufficient or compel the Schwartzes and/or their bonding company to increase its penal sum of the bond to cover National Lumber’s service charges and attorneys’ fees. After the trial court denied National Lumber’s motion, it filed this appeal.[4] Apparently for the first time on the record, National Lumber claims in its brief that it should be entitled to statutory interest in the least.[5]
A mechanic’s lien is “strictly a statutory creation,” and a subcontractor’s lien is established by G.L.C. 254, §4 which states that a lien created thereunder shall"... secure the payment of all labor and material, which [the subcontractor]... is to furnish or has furnished, upon the building or structure... [to be constructed].” East Coast Steel Erectors, Inc. v. Ciolfi, 417 Mass. 602, 605 (1994). The statute goes on to state that “... such fien shall in no event exceed the amount due or to become due under the original contract...”; and, National Lumber argues that this latter language expresses the legislature’s intent to expand the lien to include other charges which may become due to it under the contract G.L.c. 254, §4.
“General Laws c. 254 sets out in careful detail the steps required to create, maintain, and enforce a mechanic’s lien on real estate....” National Lumber Company v. LeFrancois Construction Corp., supra at 668. Sections two and four provide for the creation of liens by recording a notice in the registry of deeds which must include a date by which the particular contract is to be completed. Section 4 allows a subcontractor to obtain a lien against the landowner with whom he may not have privity by recording a notice of a written contract in the registry of deeds in which the affected property is located, as was done in this case. After creating a lien, the lienor must then record its §8 statement containing the amount claimed due subject to “all just credits,” and this statement must be filed within thirty days following the completion date previously set forth in the notice of lien. Section 11 of the statute goes on to require that the claimant file a civil action within sixty days after fifing the §8 statement, and failure to file such an action in a timely manner results in the dissolution of the lien. Parenthetically, section 5 requires that an attested copy of the complaint be recorded. Section 14 then allows a person with an interest in the affected property to dissolve any such lien upon fifing of a bond with sure *230 ties in a penal sum equal to the amount of the lien. When read together these sections create a smoothly operating procedure that allows for the creation, maintenance and dissolution of a nonconsensual, extrajudicial security for contractors and materialmen; moreover, this procedure embodies the essence of the land recording system by placing third parties on notice of such claims. National Lumber Co. v. Fort Realty Corp., 1999 Mass. App. Div. 235; HPT Advisors, Inc. v. MacDonald, Levine, Jenkins & Co., P.C., 43 Mass. App. Ct. 613 (1997).
As stated above, there are no Massachusetts appellate decisions directly on point; however, a superior court judge has determined that
Nothing in the statute limits the claimant’s claim to only the principal amount for labor and materials. A demand for interest could comprise part of ‘the claim’ for labor and materials. Fraser Engineering Co., Inc. v. Franchi Group Associates (Middlesex Superior Court No. 956651, Hamlin, J.)
Conversely, the Southern District of this Court implied just the opposite in a dictum in the case of National Lumber Co. v. M.G. Murphy Construction Co., Inc., 1996 Mass. App. Div. 35.
The applicable statute is susceptible to contrary readings. Section 4 which creates the subcontractor’s lien states that the lien is “... to secure the payment of all labor and material.... [emphasis supplied]” which militates toward the limitation of the lien as Schwartzes contend. However, the very next sentence in this section adds that “... such lien shall in no event exceed the amount due or to become due under the original contract.... [emphasis supplied]” which appears to be a more expansive statement Section 8 can be read either way as it requires the filing of a statement by the contractor setting forth “... a just and true account of the amount due him, with all just credits....” In this case the §8 statement simply states: “The amount due is as follows: $26,103.98” which sum includes the small amount of service accrued as of the date of its filing eighteen days after the stated date for the completion of the underlying contract The fact that the amount claimed due includes service charges is not noted on the §8 statement and this omission could mislead a third party relying on it yet as noted above, the inclusion of claimed interest and attorney fees seemed inappropriate to the court in the M. G. Murphy case. Id.
The statutory scheme for dissolution also contains contrary language. G.L.c. 254, §14. The statute predicates dissolution on the posting of a bond with "... a penal sum equal to the amount of the lien sought to be dissolved....” which language tends to reflect a more expansive application of the lien; however, the same sentence goes on to require that the bond be conditioned on the payment to the claimant of “any sum ... [he] may recover on his claim for labor and materials [emphasis supplied].” Id. The dissolution by bonding provision, like the lien creation, is designed to be extrajudicial and it is automatic, as the lien is dissolved “upon recording of the bond.” Id.
Not surprisingly, there are equities on either side of this issue. On one hand, a third party should be able to safely evaluate the extent of encumbrances on real estate by relying on the record title; while on the other hand, a creditor should not be punished by the passage of time between the filing of a lien and its collection, especially in a case such as this where the delay was caused solely by an obligor’s unsuccessful litigation.
Confronted with these ambiguities, we agree that “(a) demand for interest could comprise part of ‘the claim’ for labor and labor materials.” Fraser Engineering Co., Inc. v. Franchi Group Associates, supra. The time value of money owed is obvious. While one might argue that the failure of the legislature to specifically provide for the cost of collection as. items subject to a subcontractor’s lien must eliminate such claims from the lien, we believe that this exclusion results from legislative oversight The statute requires that a civil action be commenced within ninety days of the stated completion date, and this exceedingly short statute of lim *231 itations may have facilitated this legislative oversight G.L.c. 254, §§8, 11. In so holding we are mindful that “The statute creating a mechanic’s lien in favor of such a subcontractor is in derogation of the common law, and as such, is strictly construed against one claiming a lien under its provision.” Mullen Lumber Co. v. Lore, 404 Mass. 750 (1989). However:
The purpose of the statute is to afford the owner of the real estate and other third parties with an interest in the project adequate notice of the terms of the contract, such as price and expected date of completion so that an informed choice of action might be taken to protect their interests. National Lumber Co. v. Fort Realty Corp., 1999 Mass. App. Div. 235.
Including contracted-for interest and attorney fees in the lien does not defeat the purpose of the statute if third parties can be given notice of the additional charges. See Hartford Accident & Indemnity Co. v. Casassa, 301 Mass. 246 (1938). In this case, the Schwartzes took title four days before National Lumber filed its §8 statement, so the only notice that was given to them was the existence of the subcontract between LeFrancois and National Lumber which was to have been completed two weeks prior to the conveyance. At best, the record title placed the Schwartzes on inquiry notice of National Lumber’s claim, and they had to do further research to protect their interests in any event Such research could have easily disclosed National Lumber’s claim for service charges and attorney fees.
We hold that an otherwise validly recorded mechanic’s lien creates a lien in the affected property for reasonable contracted-for interest and related expenses; therefore, we need not consider National Lumber’s request for statutory interest as it is moot The denial of National Lumber’s motion to strike or reform United’s bond is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

 The contract provided for interest in the form of a service charge to be added to all balances unpaid for thirty days at the rate of 18% per annum. The contract also required LeFrancois to pay National Lumber’s attorneys’ fees if the account was referred to an attorney for collection.

 At the time of contract, the locus was owned by the Mark Peter Realty Trust, of which LeFrancois was the sole trustee.

 In 1996, the legislature enacted substantial revisions to G.L.c. 254. Unless otherwise noted, all references and citations herein shall be to Chapter 254 as it was written prior to these amendments which was the time this lien was perfected.

 National Lumber also requested an assessment of damages to determine the full amount of its claim; as, the trial court found that the amount of the lien was limited to the amount set forth in the §8 statement, there was no purpose in conducting such an assessment National Lumber also appeals from the denial of its request for an assessment of damages. As National Lumber did not brief this issue, we need not decide it Dist/Mun. Cts. R A D. A, Rule 16(a) (4).

 The trial courts Memorandum of Decision notes parenthetically that “... [statutory interest] in inapplicable here, since this action is ... an in rem proceeding.” Citing National Lumber Company v. LeFrancois Construction Corp., 1996 App. Div. 216, aff’d 430 Mass. 663 (2000).