# DECISIONS

OF THE

## APPEALS COURT

OF

## MASSACHUSETTS

---

RICHARD J. MADIGAN, trustee,[1] *vs.* TRACE CONSTRUCTION, INC., & others.[2]

No. 06-P-1800.

Bristol. October 10, 2007. - December 20, 2007.

Present: CYPHER, DREBEN, & COHEN, JJ.

*Contract,* Construction contract. *Lien. Mechanic's Lien. Practice, Civil,* Discovery. *Words,* "By consent of the owner."

Summary discharge of mechanics' liens on certain real estate, arising from construction contracts entered into with the landowner's tenant, was inappropriate under G. L. c. 254, § 15A, where numerous factual issues remained outstanding, including the issue of the landowner's consent to the contracts [4-6] and the leasehold interest of the tenant [6-7].

CIVIL ACTION commenced in the Superior Court Department on June 16, 2006.

The case was heard by *Richard J. Chin,* J.

---

[1] Of Oxford Road Realty Trust.

[2] CB Seating, Inc.; L.C. Anderson, Inc.; Millis Plumbing Co., Inc.; O'Connor Door Corporation; Quinn Brothers of Essex, Inc.

*Leonard F. Zandrow, Jr.* (*John W. Brister* with him) for the plaintiff.

*Warren H. Brodie* for Trace Construction, Inc.

*John M. Curran* (*Carolyn M. Francisco* with him) for L.C. Anderson, Inc.

*John S. Reidy* for CB Seating, Inc.

DREBEN, J. This is an action brought under G. L. c. 254, § 15A, for summary discharge of several mechanics' liens encumbering the plaintiff's real estate. The plaintiff claims that since the general contractors entered into construction contracts with a tenant of the plaintiff, and not the plaintiff, neither the general contractors nor the subcontractors may encumber the plaintiff's real property and, therefore, he was entitled to a discharge of the liens. A judge of the Superior Court dismissed the complaint, holding that the summary remedy of G. L. c. 254, § 15A, was not the appropriate method of resolving the defendants' claims and that the defendants were entitled to discovery. We affirm the judgment of dismissal.

1. *Facts.* The following undisputed facts are taken from the plaintiff's verified complaint supplemented by other uncontested material in the record. Madigan, as trustee of the Oxford Road Realty Trust (plaintiff), owns commercial real estate in Mansfield, located partly in Bristol County and partly in Norfolk County. The liens arise out of construction work performed by two general contractors, Trace Construction, Inc. (Trace), and CB Seating, Inc. (CB Seating), and by several subcontractors on behalf of the Dana Barros Basketball Camp, LLC (Camp), a former tenant of the plaintiff. On August 24, 2004, the plaintiff and Camp entered into a lease which permitted Camp to make certain improvements and renovations to the demised premises at Camp's sole cost and expense, subject to the plaintiff's written approval.

Thereafter, contracts were entered into between Dana Barros Sports Complex, LLC,[3] and the two general contractors. The complaint acknowledges that Camp

"made substantial alterations and improvements to the

---

[3]In this proceeding, the parties do not urge any relevance of the difference in name between Camp and Sports Complex. We refer to both entities as "Camp."

premises including, by way of illustration but not limitation: the installation of a new heating system and two water heaters, the creation of basketball court flooring surfaces and an Astroturf-style soccer field, the installation of eight motorized basketball backboards, the addition of men's and ladies' locker rooms, the creation of built-in reception desks, and the installation of a juice bar and restaurant/bar with kitchen equipment."

The cost of the work was almost two million dollars, and Camp ultimately failed to pay for many of the alterations and improvements. As a result, the general contractors and subcontractors brought numerous actions in Bristol and Norfolk Counties to enforce the mechanics' liens they had previously placed on the property.[4]

The complaint states that Camp also defaulted on its rent and failed to pay certain real estate taxes and other obligations under its lease. In "mid-to late April, 2006, the tenant [Camp] surrendered possession of the premises at 31 Oxford Road, Mansfield to the Trust."

All of the mechanics' liens of the general contractors and of the subcontractors came into being prior to April, 2006,[5] the date Camp surrendered possession of the premises, and the plaintiff does not assert that there are any defects in the filings other than his claim of invalidity based on the fact that the general contractors contracted with Camp and not with the plaintiff. If that fact were dispositive, the plaintiff would be correct that G. L. c. 254, § 15A, would apply "[b]y definition."[6] *Golden* v.

---

[4]Trace in its answer claims that it is owed $695,994.60 against an adjusted contract amount of $1,789,943.28. CB Seating claims that it is owed $51,270 against an adjusted contract amount of $118,270.

[5]They were effected at the time of filing the notices of contract. See *Tremont Tower Condominium, LLC* v. *George B.H. Macomber Co.*, 436 Mass. 677, 683 (2002).

[6]General Laws c. 254, § 15A, inserted by St. 1996, c. 364, § 15, in relevant part, provides:

"If any person in interest, including but not limited to an owner . . . claims [that] . . . (b) it appears from the notice of contract or a statement of account that the claimant has no valid lien by reason of the character of, or the contract for, the labor or materials or rental equipment, appliances or tools furnished and for which a lien is claimed,

*General Builders Supply LLC*, 441 Mass. 652, 656 (2004). Unfortunately for the plaintiff, the matter is not so simple.

2. *Factual question as to consent under G. L. c. 254, § 2.* Contrary to the plaintiff's assertion, G. L. c. 254, § 2, does not preclude a lien by a general contractor when the contract is made with someone other than the owner, if the contract is made "on behalf of, or with the consent of the owner of land." In 1996, § 2 was amended by St. 1996, c. 364, § 2; the previous version of § 2 is set forth in the margin,[7] and the current version of § 2 reads as follows:

> "A person entering into a written contract with the owner of any interest in real property, or with any person acting for, on behalf of, or *with the consent of such owner* for the whole or part of the erection, alteration, repair or removal of a building, structure, or other improvement to real property, or for furnishing material or rental equipment, appliances, or tools therefor, shall have a lien upon such real property, land, building, structure or improvement *owned by the party with whom or on behalf of whom the contract was entered into*, as appears of record on the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor, including construction management and general contractor services, and material or rental equipment, appliances, or tools which shall be furnished by virtue of said contract" (emphasis supplied).

. . . such person may apply to the superior court for the county where such land lies or in the district court in the judicial district where such land lies, for an order . . . (ii) summarily discharging of record the alleged lien or notice as the case may be."

[7]General Laws c. 254, § 2, as amended through St. 1973, c. 801, § 1, in relevant part provided:

> "A person entering into a written contract with the owner of land for the whole or any part of the erection, alteration, repair or removal of a building or structure upon land, or for furnishing material therefor, shall have a lien upon said building or structure and upon the interest of the owner in said lot of land as appears of record at the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor and material which shall be furnished by virtue of said contract."

The plaintiff points to the second italicized phrase and urges that the absence of the words of the first italicized phrase —"with the consent of such owner" — in the second italicized phrase requires that the contract be with the owner or entered on behalf of such owner and not merely with the consent of the owner. This construction would render the first phrase of no effect. We need not decide the significance, if any, of the omission from the second italicized phrase because in any event, at this stage of the proceeding, discovery on the issues of agency and consent, as well as on other issues, should go forward.

The only case cited to us referring to the term "consent" in § 2, is *Interstate Elec. Servs. Corp.* v. *Cummings Properties, LLC*, 63 Mass. App. Ct. 295, 299 (2005). In that case, however, although we held the lessor liable, the defendants (lessor and its managing agent) did not press on appeal the claim, made in the trial court, that they had not consented to the work. We noted that the trial judge had found that the contractor "made arrangements for the work to be performed in late December, 1999, with the consent of [the managing agent of the lessor]." *Id.* at 297 n.5.

Cases under G. L. c. 254, § 1,[8] a section which has contained the term "by consent of the owner" since 1855, see St. 1855, c. 431, § 1, do not easily infer consent, but do so on occasion. See *Forbes* v. *Mosquito Fleet Yacht Club*, 175 Mass. 432, 437 (1900). See also *Roxbury Painting & Decorating Co.* v. *Nute*, 233 Mass. 112, 116-118 (1919); *Bordier* v. *Davis*, 239 Mass. 448, 455 (1921). As consent and agency both involve factual determinations, the defendants are entitled to discovery.

---

[8]That section, as appearing in St. 1996, c. 364, § 1, now reads in relevant part:

"A person to whom a debt is due for personal labor performed in the erection, alteration, repair or removal of a building or structure upon land or improvement or alteration to real property, by virtue of an agreement with, or by consent of, the owner of such building or structure, or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor, shall, under the provisions of this chapter, other than section four, have a lien upon such building or structure and upon such interest in such real property, land, building, structure, or improvement owned by the party authorizing or consenting to said work."

In such circumstances, summary discharge of the liens under G. L. c. 254, § 15A, is inappropriate.

3. *Factual questions as to interest of Camp as lessee.* Quite apart from the issue of consent under G. L. c. 254, § 2, the general contractors, and, under section 4 of c. 254,[9] the subcontractors, held liens "upon such real property, land, building, structure or improvement owned [by Camp] as appears of record" at the time of the filing of notice of contract. See G. L. c. 254, §§ 2, 4. At this stage of the proceedings, and in light of the purpose of the mechanics' lien statute, see *National Lumber Co.* v. *LeFrancois Const. Corp.*, 430 Mass. 663, 668 (2000),[10] we assume without deciding, that the lien was not extinguished on termination of Camp's possession.[11] If so, it would appear that the property of the plaintiff when he acquired possession of the leased premises was similarly encumbered to the extent of Camp's leasehold interest. See *Security Sys. Co.* v. *S.S. Pierce Co.*, 258 Mass. 4, 6 (1926) (tax lien); *Loring* v. *Commissioner of Pub. Works of Boston*, 264 Mass. 460 (1928) (water lien).

---

[9]General Laws c. 254, § 4, as amended by St. 1996, c. 364, § 5, in relevant part provides:

> "Whoever furnishes labor . . . or who furnishes material, or both labor and material, or furnishes rental equipment, appliances or tools, under a written contract with a contractor, or with a subcontractor of such contractor, may file or record in the registry of deeds for the county or district where such land lies a notice of his contract . . . .

> "Upon filing or recording a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the subcontractor shall have a lien upon such real property, land, building, structure or improvement owned by the party who entered into the original contract as appears of record at the time of such filing, to secure the payment of all labor and material."

[10]One of the primary purposes of G. L. c. 254, is "to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate." *National Lumber Co.* v. *LeFrancois Constr. Corp.*, *supra* at 668, quoting from *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 542-543 (1987).

[11]There are some cases outside of Massachusetts which distinguish between forfeiture and surrender of leases for purposes of extinguishing mechanics' liens. See generally, Annot., Enforceability of Mechanics' Lien Attached to Leasehold Estate Against Landlord's Fee, 74 A.L.R. 3d 330, 358-360 (1976).

Cf. *National Lumber Co.* v. *LeFrancois Constr. Corp.*, *supra* at 668 (perfected lien is encumbrance on property); Schwartz, Lease Drafting in Massachusetts § 7.52, at 364-365 (1961). We also note that the lease permits the lessee to remove its "personal property, equipment and trade fixtures which are removable from the demised premises without material damage thereto." An affidavit filed on behalf of Trace states that items of significant value are removable and hence may be encumbered by liens. As there are factual questions as to Camp's leasehold interest, the judge was correct in ruling that, on this record, the defendants are entitled to further discovery, and the plaintiff is not entitled to summary discharge of the liens.

One additional matter bears mention. Contrary to the plaintiff's contention, the court in *Golden* v. *General Builders Supply LLC*, 441 Mass. at 657, did not indicate that a discharge of liens under section 15A may be accomplished where there are issues of complexity and factual dispute. As there set forth, "summary discharge of the lien can only be obtained for defects that will customarily appear of record or be readily ascertainable by reference to undisputed documents." See also *John Marini Mgmt. Co.* v. *Butler*, 70 Mass. App. Ct. 142, 149 (2007). What the court pointed out in *Golden, supra*, is that a complex counterclaim for enforcement of the lien will not prevent the judge from discharging the lien when a plaintiff meets the requirements of § 15A, namely, that undisputed documents and public records entitle the plaintiff to a discharge. In that event, the counterclaim for enforcement of the lien would have to be dismissed "[b]y definition," as there is no lien to enforce. *Id.* at 656.

4. *Conclusion.* In view of the numerous factual issues involved, the judge properly concluded that the defendants were entitled to discovery and was correct in dismissing the complaint seeking summary discharge of the liens under G. L. c. 254, § 15A.

*Judgment affirmed.*