Leibensperger, Edward R, J.
Plaintiff, United Rentals (North America), Inc., a supplier of rental construction equipment, asserts a mechanic’s lien against property owned by defendant, TGBD, LLC. TGBD moves to dismiss the complaint against it on the ground that the lien is defective because the recording fails strictly to comply with the lien statute. Because the key facts, as alleged in the Amended Complaint are not in dispute, and because the attempted recording of the lien failed to comply with the statute, TGBD’s motion will be allowed.
BACKGROUND
United Rentals alleges that it contracted with defendant K., J.&D. Corporation (“KJD”) to demolish an existing structure at 16B Street, Belmont, Massachusetts (“the Property”). It attaches the contract, dated April 17, 2013, to the Amended Complaint. KJD failed to pay United Rentals for the services performed. On August 16, 2013, United Rentals recorded a Notice of Contract and Statement of Account in the Middlesex South County Registry of Deeds. The recorded documents were filed to perfect a mechanic’s lien with respect to the Property in the amount of $16,084.40. The recorded documents state that the owners of the Property are Victor F. Khatutsky and Galina Y. Khatutsky.
Count III[2] of the Amended Complaint asserts a mechanic’s lien on the Property now owned by TGBD. It is the only count of the Amended Complaint seeking recovery from TGBD. TGBD seeks dismissal of Count III for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6) because the mechanic’s lien was not properly perfected.
In order to perfect a mechanic’s lien a contractor must strictly comply with the terms of G.L.c. 254, §4. *61 Superior Mechanical Plumbing & Heating, Inc. v. Insurance Company of the West, 81 Mass.App.Ct. 584, 588 (“[t]he statute is strictly construed against the party claiming the lien . . .”), rev. den., 462 Mass. 1110 (2012). The statute requires, among other things, that the Notice of Contract and Statement of Account identify by name the record owner of the property that is the subject of the lien. This is important because, “otherwise, subsequent purchasers who buy upon the faith of the registry title are liable to be misled.” National Lumber Co. v. LeFrancois Construction Corp., 430 Mass. 663, 670 (2000), quoting earlier cases.
Exhibit C to the Amended Complaint is a Scrivener’s Affidavit submitted by United Rentals dated December 12, 2013. In that document United Rentals admits that it erred when it recorded the Notice of Contract and Statement of Account. Instead of the owners of the Property being the Khatutskys, United Rentals attests that the owner of the Property at the time of the contract as well as at the time of recording was TGBD. TGBD obtained ownership of the Property on January23,2013. The Scrivener’s Affidavit also admits that the Notice of Contract and Statement of Account gave the incorrect title reference, by book and page number, in the Notice of Contract and Statement of Account. Those admitted failures to comply with G.L.c. 254, §4 are fatal to the effectuation of the alleged mechanic’s lien. See Ouellet v. Armstrong, 18 Mass. L. Rptr. 100, 2004 WL 1729447 at *5 (Mass.Sup.Ct. 2004).
United Rentals argues that the Scrivener’s Affidavit, recorded pursuant to G.L.c. 183, §5B, acted to cure the errors in the previously recorded Notice of Contract and Statement of Account. That statute merely provides that a statement of facts that “will be of benefit and assistance in clarifying the chain of title may be filed of record.” The statute does not purport to address whether such an affidavit can remedy a defective recording of a mechanic’s lien. United Rental cites no case law in support of its argument that the Scrivener’s Affidavit acts to cure a defective mechanic’s lien. Consequently, United Rental’s argument is rejected.
In sum, taking the allegations of the Amended Complaint as true,[3] United Rentals failed to perfect a mechanic’s lien on the Property. As a result, Count III of the Amended Complaint shall be dismissed as to TGBD. The motion is ALLOWED.

There are two counts labeled as Count III. Reference herein will be to the second Count III which pertains to the subject Property.

Another requirement of G.L.c. 254, §4 is that the owner receive actual notice of the recording of a mechanic’s lien. The Amended Complaint alleges that TGBD received such actual notice. In its motion, TGBD denies that it received actual notice. Under the Rule 12(b)(6) standard, the allegations of the complaint must be accepted. Nevertheless, United Rental’s Count III against TGBD must be dismissed for the reasons stated above.