Fidelity and Deposit Company of Maryland (F&D) appeals from the judgment dismissing its application pursuant to G. L. c. 254, § 15A, for summary discharge of a mechanic's lien filed by Beyond Construction, Inc. (Beyond). F&D argues that the judge erred in dismissing its application because Beyond failed to perfect its lien by recording a statement of account under G. L. c. 254, § 8 ( § 8 statement). We agree with the judge that F&D's action in recording a bond, pursuant to G. L. c. 254, § 14, dissolved the lien and obviated the need for Beyond to perfect the lien by recording a statement of account. We therefore affirm the judgment of dismissal.
Background. In June, 2014, a general contractor entered into a contract with the owner of property in the Brighton section of Boston to convert an office building into residential units. The general contractor retained a subcontractor to perform certain work. In June, 2016, that subcontractor retained Beyond to construct interior framing on the project. Beyond completed its work on the project by February, 2017. Claiming that it was owed nearly $200,000 for its work, Beyond filed a mechanic's lien, pursuant to G. L. c. 254, § 4, by recording a notice of contract on March 17, 2017.
On March 20, 2017, the general contractor recorded a bond, pursuant to G. L. c. 254, § 14, in the amount of the lien claimed by Beyond and identified F&D as the surety. On May 24, 2017, Beyond filed an action on the bond, pursuant to G. L. c. 254, § 14, in Superior Court. On June 14, 2017, F&D filed the instant action pursuant to G. L. c. 254, § 15A, seeking summary discharge of Beyond's mechanic's lien, specifically due to its failure to record a § 8 statement. A Superior Court judge dismissed F&D's action.
Discussion. An application pursuant to G. L. c. 254, § 15A, seeks to test the legal sufficiency of a mechanic's lien based on recorded instruments and undisputed documents. See Madigan v. Trace Constr., Inc., 71 Mass. App. Ct. 1, 7 (2007), quoting from Golden v. General Builders Supply LLC, 441 Mass. 652, 657 (2004). We review such a legal determination de novo. See Trace Constr., Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 351 (2011). In dismissing F&D's application, the trial judge reasoned that:
"by filing Notice under [ § 4 ], Beyond was entitled to lien protection under the Statute.... Had Beyond been given the opportunity to file a Statement pursuant to [ § 8 ], it would have been able to enforce its lien under the provisions of [§ 5].... Instead, [F&D] preemptively resorted to protective action against Beyond's lien by filing a [ § 14 ] [bond].... At that point, the matter became one of lien bond protection by [F&D] rather than lien perfection by Beyond. 'Once a bond is recorded in accordance with [ § 14 ], the lien is dissolved on the record, and any concern about uncertainty of title arising from that lien is eliminated.' ... Hence, any purported defect in Beyond's lien was rendered moot by [F&D's] bonding off of the lien."
F&D argues that the judge erred because the plain language of G. L. c. 254, § 14, requires that a § 8 statement be filed, even after the recording of a bond. See Casseus v. Eastern Bus Co., 478 Mass. 786, 787 (2018) (courts must follow plain language of statute). We disagree. The sole reference in § 14 to a § 8 statement appears in the following sentence:
"The claimant may enforce the bond by a civil action commenced within ninety days after the later of the filing of the statement required by section 8 or receipt of notice of recording of the bond, but such bond shall not create any rights which the claimant would not have had, or impair any defense which the obligors would have had, in an action to enforce a lien."
G. L. c. 254, § 14, as amended through St. 2002, c. 400, § 2.
Thus, § 14 requires a claimant seeking to enforce a bond to bring a civil action within ninety days of the filing of a § 8 statement or within ninety days of receipt of notice of recording of the bond, whichever event is later in time. The plain language of § 14 by no means requires a § 8 statement to be filed in order to maintain an action to enforce a bond.
F&D argues that, in requiring the bond action to be filed "after the later of" two events, § 14 contemplates that either event could come later in time; yet, any interpretation that does not require a § 8 statement to be filed after recording of a bond renders the words "after the later of" superfluous, because recording of the bond would always be the event later in time. See Wolfe v. Gormally, 440 Mass. 699, 704 (2004) (statute must be construed to give effect to all its provisions such that none are rendered superfluous). We disagree with the premise that because a § 8 statement is not required to be filed after the recording of a bond, such a statement never will be filed once a bond has been recorded.[2] Even after receipt of notice of recording of a bond, a claimant could file a § 8 statement in order to preserve its rights in the event of a bond filed early in a project, before the claimant's harm or extent of harm may be apparent.[3] The "after the later of" language clarifies that, in cases involving both a filed § 8 statement and receipt of notice of recording of the bond, it is the later of the two events that starts the clock. The language is therefore not superfluous.
Additionally, F&D points to the above-quoted language in § 14, preserving rights and defenses that the parties would have had in an action to enforce a lien, as support for the proposition that a claimant in an action to enforce a bond must perfect a lien by filing a § 8 statement. We do not view this language as requiring the parties to a bond action to comply with all procedural requirements of a lien action. Rather, this language ensures the parties that all substantive rights and defenses are preserved, regardless of whether the action is to enforce a lien or a bond. The procedural requirements of each action are laid out in the sections governing those actions.
Section 14, pertaining to bond actions, explicitly provides that, once the bond is recorded, "the lien shall be dissolved." It would be illogical to require the perfection of a dissolved lien.[4] See Sebago v. Boston Cab Dispatch, Inc., 471 Mass. 321, 339 (2015) (statute should not be interpreted to provide illogical result). Section 14 goes on to provide that claimants may enforce the bond by filing a timely civil action in Superior Court. Because F&D's recording of the bond dissolved Beyond's lien and entitled it to file an action on the bond, the judge properly dismissed F&D's application for summary discharge of the lien.
Judgment affirmed.

It is important to note that, when the bond is the later event, the ninety-day clock starts to run after "receipt of notice of recording of the bond," and that no specific time frame is provided to give such notice. G. L. c. 254, § 14. Therefore, a claimant could very well file a § 8 statement after recording of a bond but before receiving notice of such recording.

In this case, Beyond had completed its work on the project and was able to determine what it was due by the time it filed its mechanic's lien by recording its notice of contract. When it received notice of recording of the bond only days later, it was therefore prepared to file an action on the bond. A claimant that files a mechanic's lien earlier in a project, however, may not be in a position to know whether it even has a claim or the extent of any such claim at the time that a bond is recorded. By filing a § 8 statement even after receipt of notice of recording of the bond, the claimant has more ability to control the timing of its civil action.

In an action to enforce a lien, where the property is the security for the claim, the § 8 statement (required to be filed in the registry of deeds) serves to apprise those with an interest in the property of encumbrances. See NES Rentals v. Maine Drilling & Blasting, Inc., 465 Mass. 856, 860 (2013). Because a § 14 lien dissolution bond extricates the claim from the property, a § 8 statement would not serve this purpose.