Salinger, Kenneth W., J.
Carol Riselli is not entitled to a summary discharge of Clean Properties, Inc.’s mechanic’s lien on her property. The parties entered into a “written contract” within the meaning of the mechanic’s lien statute when Clean Properties sent Riselli a proposed contract to undertake environmental cleanup work on an emergency basis, and Riselli responded by email indicating that she agreed with and accepted the proposed contract terms. Nothing in the mechanic’s lien statute requires a physical signature by Riselli on a piece of paper rather than an acceptance of written contract terms by an electronic signature that is conveyed by email.
1. Background
Riselli contacted Clean Properties and asked it to mitigate a substantial release of oil on Riselli’s property in Belmont, Massachusetts, on an emergency basis. Clean Properties offered to do this work pursuant to the terms and conditions in a proposed written contract. Clean Properties sent the proposed written contract to Riselli on August 2, 2013.
At or about 5:52 p.m. on August 2, Clean Properties’ agent sent an email to Riselli stating that Clean Properties needed to receive Riselli’s acceptance of the contract terms before it could begin to clean up her property. The email told Riselli that “You can give us your go ahead by stating the following: ‘I agree with the terms of the contract identified as Project #0941, Order 1 dated August 2, 2013. Please start the work right away.’ ”
Riselli responded by email 22 minutes later. Riselli indicated her acceptance of the proposed written contract using the very language suggested by Clean Properties: Riselli’s responsive email said “I agree with the terms of the contract identified as Project #0941, Order 1 dated August 2, 2013. Please start the work right away.” The email concludes with a signature block that says ‘Thank you, Carol J. Riselli.”
2. Discussion
Having obtained the benefit of Clean Properties’ services by sending an email in which she expressly agreed to pay Clean Properties pursuant to the written terms and conditions of the proposed contract, Riselli cannot now obtain a discharge of Clean Properties’ mechanic’s lien on the ground that her email signature did not create a written contract. Riselli’s argument that no written contract was ever formed because neither party affixed a handwritten signature to a paper form of the contract cannot be squared with the Massachusetts version of the Uniform Electronic Transactions Act, which was enacted as G.L.c. 110G.
“Because a mechanic’s lien is purely a creation of statute,” the Supreme Judicial Court has “consistently required exact compliance with the statute in order to create, perfect, and enforce such a lien.” NES Rentals v. Maine Drilling & Blasting, Inc., 465 Mass. 856, 862 (2013), quoting Golden v. General Bldrs. Supply, 441 Mass. 652, 654 (2004). One of the statutory requirements is that a mechanic’s lien may only be used to secure payments owed under a “written contract” for erecting, altering, repairing, or removing a building, structure, or other improvement to real property. See G.L.c. 254, §2.
Riselli’s email acceptance of the written contract terms proposed by Clean Properties created a written contract within the meaning of the mechanic’s lien statute. In 1996 the Legislature revised the mechanic’s lien statute to define “written contract” as “any written contract enforceable under the laws of the commonwealth.” See G.L.c. 254, §2A, as inserted by St. 1996, c. 364, §3. Now that Massachusetts has adopted the Uniform Electronic Transactions Act, it is clear that a contract is formed when someone accepts a written offer by email, and that such a written contract is enforceable under Massachusetts law. See G.L.c. *235 110G, §7(b) (“A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation”). Chapter 11OG applies here because the course of dealings between the parties demonstrates that they agreed to conduct their transaction by electronic means. See G.L.c. HOG, §5(b) (‘This chapter applies only to transactions between parties each of which has agreed to conduct transactions by electronic means. Whether the parties agree to conduct transactions by electronic means is determined from the context and surrounding circumstances, including the parties’ conduct”).
The email that Riselli sent to Clean Properties on August 2 is an “electronic record” -within the meaning of the Uniform Electronic Transactions Act. See G.L.c. HOG, §2 (defining “electronic record” as “a record created, generated, sent, communicated, received, or stored by electronic means”). By including her typed name in the signature block of the email, Riselli used the email as her “electronic signature.” See id. (defining “electronic signature” as “an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record”). For present purposes Riselli concedes that she sent this email to Clean Properties.
The text of the emails between Clean Properties and Riselli make clear that Riselli intended that her email have the effect of signing or accepting the written contract terms previously proposed by Clean Properties. See G.L.c. 110G, §9(b) (The effect of an electronic record or electronic signature attributed to a person ... is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including the parties’ agreement, if any, and otherwise as provided by law”). To form a binding contract “[t]he parties must give their mutual assent by having ‘a meeting of the minds’ on the same proposition on the same terms at the same time.” I&R Mechanical, Inc. v. Hazelton Mfg. Co., 62 Mass.App.Ct. 452, 455 (2004), rev. denied, 444 Mass. 1102 (2005). The manifestation of mutual assent between contracting parties generally consists of an offer by one,” covering all the material terms of an agreement between the parties, “and the acceptance of [that offer] by the other.” Id. Riselli’s email expressed her acceptance of the written contract terms offered by Clean Properties.
The Appeals Court’s decision in Gettens Electric Supply Co. v. W.R.C. Properties, Inc., 21 Mass.App.Ct. 658 (1986), is not to the contrary. Gettens held that “a series of purchase orders and invoices issued from time to time[,] without any preexisting written agreement,” does not constitute a “written contract” within the meaning of the mechanic’s lien statute, because a written contract is best understood as “an entire and continuing arrangement in writing.” See id. at 660-61. Gettens is inapposite because Clean Properties is not seeking to enforce an obligation that arose only under purchase orders or invoices. To the contrary, in this case Clean Properties proposed to do the emergency work if Riselli would accept the terms of a written contract provided to her, and Riselli responded in an email expressly accepting those terms. Even if Gettens were on point, which it is not, the Court would still have to take into account the 1996 amendment to the mechanic’s lien statute that added a definition of “written contract.” Since that statutory amendment was enacted ten years after Gettens, it would govern this case to the extent it was inconsistent with and thus superseded Gettens. As explained above, the electronic communications between Riselli and Clean Properties formed a “written contract” within the meaning of G.L.c. 254, §2A.
ORDER
Defendant’s motion for relief from and summary discharge of Plaintiffs mechanic’s lien is DENIED.