The plaintiffs, Raymond Bence and Gail English-White, appeal from an order allowing a motion to intervene by the Massachusetts Executive Office of Health and Human Services (MassHealth) to enforce a lien on a settlement and directing payment forthwith. The plaintiffs assert that: (1) intervention was untimely; (2) MassHealth's lien does not reach the settlement; and (3) a trial or hearing is necessary before ordering payment of the lien. We affirm.
Background. This appeal arises out of an underlying tort suit. According to the plaintiffs' complaint, on May 19, 2009, the defendant, Annmarie B. Hunt, struck and injured their mother, Evelyn E. Gries, with her car. Gries had mild dementia before the accident, and the injuries exacerbated it. Gries died on November 10, 2010, and on May 11, 2012, the plaintiffs filed suit. On December 18, 2013, the parties settled for $250,000; the defendant's insurance immediately paid the claim, and on January 20, 2014, the parties executed a stipulation of dismissal on all claims. The parties never sought, nor did the trial court enter, a final judgment.[5]
After the accident but before Gries's death, MassHealth had expended $18,026.44 in medical care for Gries and had imposed a lien on the plaintiffs' claim for reimbursement of the monies paid. Throughout 2013 and 2014, MassHealth and plaintiffs' counsel discussed the lien, including forms offering to reduce the lien, but plaintiffs' counsel never filed the forms.
In 2015, MassHealth commenced sending demand letters to plaintiffs' counsel. Then, on March 2, 2016, MassHealth learned that it had not been named on the settlement check. MassHealth contacted plaintiffs' counsel, and after negotiations between them broke down, moved to intervene on the settlement. The judge granted the motion and payment to MassHealth for Gries's medical expenses. This appeal followed.
1. Rule 24(a) of the Massachusetts Rules of Civil Procedure. The plaintiffs contend that the motion to intervene was untimely. We disagree. Under G. L. c. 118E, § 22(k ), as appearing in St. 2010, c. 131, § 72, the Commonwealth may "intervene as of right in a civil action" to protect its interest in MassHealth liens. Pursuant to rule 24(a), 365 Mass. 769 (1974), such intervention must be "[u]pon timely application." Timeliness is a "flexible concept" that is "largely left to the discretion of the judge below." Revere v. Massachusetts Gaming Commn., 476 Mass. 591, 598 (2017), quoting from Corcoran v. Wigglesworth Mach. Co., 389 Mass. 1002, 1003 (1983).
While intervention after judgment enters in a suit is "seldom timely," Bolden v. O'Connor Cafe of Worcester, Inc., 50 Mass. App. Ct. 56, 61 (2000), there can be no final judgment in a suit subject to a MassHealth lien unless MassHealth receives "written notice and a reasonable opportunity to intervene or otherwise perfect their rights to recovery." G. L. c. 118E, § 22(j ), inserted by St. 2010, c. 131, § 72.
Here, the plaintiffs did not provide MassHealth with notice of the settlement or the stipulation of dismissal. MassHealth learned nearly two and a half years after settlement that it was not a payee on the settlement check. Even then, MassHealth tried to negotiate with the plaintiffs' counsel. Where the plaintiffs kept MassHealth in the dark about the settlement for over two years, the judge did not abuse his discretion in allowing MassHealth to intervene when it did.
2. MassHealth's lien. The plaintiffs advance three arguments to prevent MassHealth's lien from reaching the settlement. First, the plaintiffs contend that the Medicaid statutes do not allow MassHealth's lien to reach the settlement. We disagree.
"When ... a claimant's heirs, estate or legal representative receives payment from a liability or workers' compensation insurer or any other third party as a result of a loss, ... the claimant's heirs, estate or legal representative shall repay to [MassHealth] the total of medical assistance benefits provided from monies allocated in ... settlement." G. L. c. 118E, § 22(b ), inserted by St. 2010, c. 131, § 72.
"If a ... settlement ... fails to specify what portion of the ... settlement ... is in payment of medical expenses, there shall be a presumption that the ... settlement ... applies first to the medical expenses incurred by the claimant in an amount equal to the medical assistance benefits paid." Id. at § 22(c ), inserted by St. 2010, c. 131, § 72.
Here, the plaintiffs recovered from a third party and must repay MassHealth for the benefits it provided. The settlement agreement does not disaggregate any portion of the lump-sum payment to the plaintiffs to pay for any particular type of injury, cause of action, or plaintiff. Therefore, the statutory presumption applies, and all MassHealth expenditures get repaid off the top.
We are also not persuaded by the plaintiffs' assertion that recovery under G. L. c. 229, § 2, for wrongful death is beyond the reach of MassHealth's lien. The settlement agreement and complaint explicitly state that they cover both "negligence and wrongful death." The settlement is not disaggregated to pay for specific claims, so G. L. c. 118E, § 22(c ), requires payment of MassHealth's lien off the top.
Last, the plaintiffs' claim that Arkansas Dept. of Health & Human Servs. v. Ahlborn, 547 U.S. 268 (2006), bars recovery is also unavailing. First, the plaintiffs waived this argument by not raising it below. See NES Rentals v. Maine Drilling & Blasting, Inc., 465 Mass. 856, 860 n.8 (2013). Moreover, as of October 1, 2017, 42 U.S.C. 1396a(a)(25)(H) may abrogate Ahlborn, as it allows State Medicaid programs to recover expenditures from "any payments by" a third party liable for causing the injuries resulting in the expenditures. Pub. L. No. 113-67, 127 Stat. 1177 (2013) ; Pub. L. No. 114-10, Title II, § 220, 129 Stat. 154 (2015). This case is also different from Ahlborn in two ways. The parties in Ahlborn stipulated to the value of Ms. Ahlborn's full claim and the amount from the settlement that reimbursed medical costs. See Ahlborn, supra at 280. In this case, the parties neither stipulated to these facts nor presented any evidence regarding them.
3. Hearing or trial on lien. Last, the plaintiffs contend that the judge erred in not holding a hearing on the amount of the lien before ordering payment. In addition to waiving the argument by not raising it below, see NES Rentals, supra, the plaintiffs did not dispute the $18,026.44 in medical expenses sought by MassHealth. The plaintiffs are required by law to reimburse MassHealth. G. L. c. 118E, § 22(b ). We discern no error.[6]
Order allowing motion to intervene and ordering payment affirmed.

Although there is no final judgment in this case, a single justice, in an order dated May 26, 2017, allowed this appeal to proceed.

To the extent that we do not address the plaintiffs' other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).