The defendant, J.M., appeals from an order issued against her pursuant to G. L. c. 209A as well as the order denying her motion to vacate that order. She contends that (1) there was insufficient evidence to support the 209A order, and (2) the District Court judge violated her due process rights by failing to provide her with a meaningful opportunity to challenge the plaintiff's evidence. We affirm.
There are two substantial procedural defects in this case that preclude our evaluation of the merits of the defendant's claims. First, the defendant has failed to provide us with an adequate appellate record, as is her burden. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). In particular, we note the absence of a transcript from the hearing after notice. Without such a transcript, we can neither weigh the sufficiency of the evidence against the defendant, nor evaluate the adequacy of the process she received in the lower court.[2] See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992) ("It is the obligation of the appellants to include in the appendix those parts of the [lower court proceedings] ... which are essential for review of the issues raised on appeal"); Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995) (lacking an adequate transcript, "we are unable to address the issue of the sufficiency of the evidence"). Second, as far as we can tell, the defendant failed to make her due process argument in the District Court and, therefore, it is not properly before us on appeal.[3] See NES Rentals v. Maine Drilling & Blasting, Inc., 465 Mass. 856, 860 n.8 (2013) (argument raised for first time on appeal is waived).
Notwithstanding the procedural shortcomings in the appellate record, we have reviewed the limited record before us. Discerning no error therein, we affirm.[4]
Order entered September 12, 2017, affirmed.
Order denying motion to vacate affirmed.

Additionally, without appropriate record citation, the defendant's claims amount to "bald assertions of error" and thus do not rise to the level of appellate argument required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (citation omitted).

This argument was not mentioned in the motion to vacate, and because we have no transcript from the hearing after notice, we cannot discern whether it was properly preserved there. See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997) ("[W]e shall not address the merits of the plaintiffs' claims because there is nothing in the record before us that indicates that those claims were adequately raised and preserved").

We deny the defendant's request for appellate attorney's fees.