MALDONADO, J.
The plaintiff, Randy Roby, is a convicted sex offender currently incarcerated in State prison.[2] He argues that in order to enter a sex offender treatment program (SOTP or program) without losing his prison employment, ability to earn good time credits, and preferred housing, he was required to admit guilt to the sexual offenses of which he was convicted. A Superior Court judge granted the defendants' motion to dismiss. We affirm, concluding that Roby has waived all challenges, except his claims under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, which have been rendered moot by a change in the SOTP regulations.
Background. In December of 2015, Roby was housed at Massachusetts Correctional Institution-Concord (MCI-Concord), where he held a prison job, was earning good time credits, and enjoyed preferred housing. Prison officials asked Roby to participate in the SOTP. According to Roby, entry into the program was predicated upon his signing a treatment agreement and waiver form (treatment form) admitting guilt to the sexual offenses of which he stood convicted. Because such an admission would undermine his pending State and Federal challenges to the convictions, he refused to sign the treatment form and declined participation in the SOTP. Roby claims that because he refused to participate in the SOTP, prison officials took away his prison employment and ability to earn good time credits, and moved him to more restrictive housing.
Roby filed an inmate grievance, which was denied. Roby then appealed from the denial to the superintendent of MCI-Concord, who denied his appeal. Thereafter, Roby filed the complaint at issue here in the Superior Court.
In his complaint, Roby alleged violations of various Department of Correction (department) regulations, and a violation of his Federal and State constitutional rights against self-incrimination. The defendants moved to dismiss and the judge granted their motion. This appeal by Roby followed.
Discussion. 1. Waived claims. On appeal, Roby makes only passing references to the *900 department regulations that formed the basis of his complaint. Instead, he argues that the defendants violated various statutes, as well his Fifth Amendment and art. 12 rights. He also did not include a copy of the complaint or motion to dismiss in his record appendix.
"Although the plaintiff[ ] ha[s] been acting pro se, [he is] held to the same standards as litigants who are represented by counsel." Davis v. Tabachnick, 425 Mass. 1010, 680 N.E.2d 1171, cert. denied, 522 U.S. 982, 118 S.Ct. 443, 139 L.Ed.2d 380 (1997). Further, "it is the appellant's responsibility to ensure that the record is adequate for appellate review." Commonwealth v. Woody, 429 Mass. 95, 97, 706 N.E.2d 643 (1999). Generally, his failure to do so is fatal to his appeal. See Chokel v. Genzyme Corp., 449 Mass. 272, 280, 867 N.E.2d 325 (2007) ("because the first request to amend does not appear in the record appendix, we do not review the propriety of its denial"); Mass. R. A. P. 18 (a), as amended 425 Mass. 1602 (1997).
Here, however, review has been made possible by the defendants, who have appended in their filings copies of the complaint and the motion to dismiss. These documents reveal that, with the exception of Roby's Fifth Amendment and art. 12 claims, Roby did not raise below the arguments he makes on appeal. Accordingly, these claims are waived and not subject to our review. See NES Rentals v. Maine Drilling & Blasting, Inc., 465 Mass. 856, 860 n.8, 992 N.E.2d 291 (2013). We turn, therefore, to Roby's only remaining challenge.
2. Fifth Amendment and art. 12 claims. The Fifth Amendment and art. 12 protect one from being compelled "to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Commonwealth v. Hunt, 462 Mass. 807, 811, 971 N.E.2d 768 (2012), quoting Minnesota v. Murphy, 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). Roby asserts that the defendants' requirement that he admit guilt in order to gain entry into the SOTP or risk of losing employment, good time credits, and preferred housing violates this fundamental right. However, the governing department regulation in place at the time of Roby's refusal to participate in the program no longer requires the admission of guilt.[3] We accept the defendants' representation that Roby will be given the opportunity to enter the program by signing a treatment form that will not require him to admit guilt and, further, that his lost housing and employment privileges will be restored if he decides to participate in the program. Therefore, Roby's claim has been rendered moot and we need not reach its merits. See American Dog Owners Assn. v. Lynn, 404 Mass. 73, 78, 533 N.E.2d 642 (1989) (case moot once challenged ordinance abrogated).
Concluding that Roby's Fifth Amendment and art. 12 challenges have been rendered moot and all his other claims have been waived, we discern no error.
Judgment affirmed.
*901 The plaintiff prisoner alleges a violation of his right against self-incrimination under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights.
The Department of Correction (department) since at least 1994 has maintained a policy designed to encourage sex offenders to participate in a sex offender treatment program (SOTP or program). The policy does not formally mandate participation. But, until recently, an incarcerated sex offender could not "move beyond medium security without successfully completing" SOTP (citation omitted). Lyman v. Commissioner of Correction, 46 Mass. App. Ct. 202, 204, 704 N.E.2d 1195 (1999). Participation required the offender to sign a treatment agreement and waiver form (agreement form) that included language stating, "I understand that, in order, to participate in treatment, I must admit to the commission of my crime." In addition the relevant regulation stated, "Program failures shall include those inmates who refuse to participate or minimize with regard to their offense(s), and also those inmates who remain in denial of the offense(s)" (citation omitted). Id. at 205 n.5, 704 N.E.2d 1195.
In Lyman, we held that limiting the inmate's ability to move to a less secure environment did not violate the Federal or State constitutional protections against compelled self-incrimination, but we noted that "[t]here is a crucial distinction between being deprived of a liberty one has ... and being denied a conditional liberty that one [merely] desires." Id. at 206, 704 N.E.2d 1195, quoting Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 9, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The inmate in Lyman had only been denied the "expectation of residency in a particular prison" that he had "not yet enjoyed," Lyman, supra, and we therefore did not address whether denying him residency that he had already been enjoying would have violated his constitutional rights. Id. at 205-206, 704 N.E.2d 1195.
In April of 2015, the department apparently modified the program. Now, its regulations state that "sex offenders who refuse to participate in the SOTP may be subject to loss of job, housing and seniority." 103 DOC § 446.04(7) (2015). The agreement form also has been modified to remove the language about admitting one's crime. It retains the following language: "I give my designated sex offender therapist permission to share information concerning my progress in treatment and other pertinent evaluative information with the ... Attorney General, the District Attorneys, ... and any other law enforcement agencies ...." The language about minimization or denial of the offense also appears to have been removed.
Here, the plaintiff has refused to participate in the SOTP, claiming that it is not voluntary, and that it will require him to incriminate himself in violation of the State and Federal Constitutions. He alleges that his refusal to participate has led to a loss of housing, loss of a job through which he was earning good time credits, loss of the ability to have a range of property in his cell, and loss of seniority.
If a prisoner were forced to admit guilt that could subject him to future prosecution, for example, for perjury or any other offense to which he is forced to confess, on pain of these penalties, it would raise a substantial question under the State and Federal Constitutions because the penalties now include deprivations of things the prisoner has, rather than deprivation of something the prisoner merely desires. Article 12 is more protective of the right against self-incrimination than the Fifth *902 Amendment, see Commonwealth v. Gelfgatt, 468 Mass. 512, 525, 11 N.E.3d 605 (2014), and under the former provision the modified program might well be found to compel self-incrimination. See McKune v. Lile, 536 U.S. 24, 62-69, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) (Stevens, J., dissenting) (prisoner's loss of housing in less secure status for failure to participate in "Sexual Abuse Treatment Program" that required admission of guilt is coercive and violates Fifth Amendment). Indeed, the threat of loss of a job through which one is earning good time credits might well be found coercive even under the weaker protections against self-incrimination contained in the latter provision: Justice O'Connor's controlling opinion in McKune noted that the threat of "longer incarceration" would be coercive. Id. at 52, 122 S.Ct. 2017 (O'Connor, J., concurring in the judgment).
In this case, though, the only identifiable way in which the plaintiff asserted in his complaint that he must incriminate himself is by being "forced to sign a paper admitting guilt by participating in the program." The defendants represent that "[p]resently, inmates participating in the SOTP within [the department] are no longer even required to admit guilt to the crimes as a condition of entering the program," and at oral argument counsel represented that what the plaintiff has lost, housing, his job through which he may continue to earn good time credits, the ability to have a range of property in his cell, and his seniority, will be restored if he decides to sign the new agreement form that does not include an admission of guilt and enter the SOTP. Given that the agreement form no longer requires an admission of guilt, and in light of the defendants' representation, I join the majority's opinion in full.
However, I write separately to note that if, in fact, notwithstanding the change in the agreement form, either participation in SOTP, or a determination that one has "refused to participate," can be based on a failure during the program to admit guilt of crimes, the new regulations would present a substantial claim worthy of judicial consideration.[1]

Roby's convictions were affirmed on direct review by the Supreme Judicial Court. Commonwealth v. Roby, 462 Mass. 398, 969 N.E.2d 142 (2012). This court subsequently affirmed an order denying his motion to vacate his convictions. Commonwealth v. Roby, 87 Mass. App. Ct. 1136, 33 N.E.3d 1268 (2015).

Prior to April of 2015, a participant in the SOTP was required to sign a treatment form "that contain[ed] an admission that he is a sex offender." Lyman v. Commissioner of Correction, 46 Mass. App. Ct. 202, 204, 704 N.E.2d 1195 (1999). The defendants in this case represented in their brief and at oral argument that the treatment form no longer requires such an admission. See Butler v. Turco, 93 Mass. App. Ct. 80, 87 n.13, 99 N.E.3d 341 (2018) ("We note further that in April, 2015, the department revised its policy to provide that inmates are no longer required to admit guilt as a condition of participating in the SOTP").

Such a claim would not be foreclosed by the dictum in Butler v. Turco, 93 Mass. App. Ct. 80, 87 n.13, 99 N.E.3d 341 (2018), in which a review of the briefs reveals the plaintiff did not raise or even mention before us a self-incrimination claim under either the State or Federal Constitution. See brief of the Commonwealth at 18 in Butler, supra ("Plaintiff has waived several claims, including his ... Fifth Amendment ... claim[ ], by failing to properly address [it] in his brief").